1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

11  IN RE RINO INTERNATIONAL )        Lead Case No.: 2:10-cv-02209-RLH-GWF
    CORPORATION DERIVATIVE LITIGATION.)    (Consolidated with 2:10-cv-02244-KJD-
12  _____)    GWF)
                                         )
13  This Document Relates To:            )            **O R D E R**
                                         )
14       ALL ACTIONS                     )        (Motion to Dismiss–#39;
    _____)        Motion to Dismiss–#64)

15

16       Before the Court is Defendants Kennith C. Johnson and RINO International

17  Corporation's ("RINO") **Motion to Dismiss** (#39, filed Mar. 14, 2011) based on lack of standing

18  and failure of demand.  The Court has also considered Plaintiffs Andrew Nguyen and Robert

19  Binnewies' Opposition (#57, filed Apr. 29, 2011), and Johnson and Rino's respective Replies

20  (##68, 69, filed May 31, 2011).

21       Also before the Court is Defendant Weiguo Zhang's **Motion to Dismiss** (#64, filed

22  May 23, 2011).  The Court has also considered Plaintiffs' Opposition (#82, filed June 9, 2011),

23  and Zhang's Reply (#84, filed June 20, 2011).

24                                **BACKGROUND**

25       This is a shareholder derivative claim brought on behalf of nominal defendant

26  RINO against current and former officers and directors.  The shareholders allege various claims

1

AO 72
(Rev. 8/82)

1    based on allegations that the RINO directors failed to adequately supervise corporate operations,

2    made an illegal (under Sarbanes-Oxley) loan to executives, and approved materially different and

3    false financial statements amongst other allegations.  However, a detailed recitation of the

4    allegations or background is not necessary for disposition of the two motions to dismiss before the

5    Court.  For the reasons discussed below, the Court grants the motions.

6                                          **DISCUSSION**

7    **I.      Standard**

8            A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

9    relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

10   and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

11   8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

12   detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

13   recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

14   (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise

15   above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a

16   complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its

17   face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

18           In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts

19   are to apply when considering motions to dismiss.  First, a district court must accept as true all

20   well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the

21   assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only

22   by conclusory statements, do not suffice. *Id*. at 1949.  Second, a district court must consider

23   whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950.  A

24   claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw

25   a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.  Where

26   the complaint does not permit the court to infer more than the mere possibility of misconduct, the

AO 72
(Rev. 8/82)

1    complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal

2    quotation marks omitted).  When the claims in a complaint have not crossed the line from

3    conceivable to plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

4    **II.    Analysis**

5                  In addition to the general Rule 8 pleading requirements, plaintiffs in derivative

6    actions must meet the requirements set forth in Rule 23.1.  This rule requires a plaintiff in a

7    derivative action to allege that he was a "shareholder or member at the time of the transaction

8    complained of, or that the plaintiff's share or membership later devolved on it by operation of

9    law."  Courts within the Ninth Circuit have interpreted this as requiring derivative plaintiffs to

10   indicate in the complaint when they purchased the stock.  *In re Sagent Tech. Inc., Derivative Litig.*,

11   278 F. Supp. 2d 1079, 1096 (N.D. Cal. 2003).  Mere allegations that Plaintiffs "have owned [a

12   company's] stock during the Relevant Period ... and continue to own the Company's common

13   stock" are insufficient.  *See, e.g.*, *In re Verisign, Inc., Derivative Litig.* 531 F. Supp. 2d 1173, 1202

14   (N.D. Cal. 2007).  These "relevant period" type allegations are the only type of allegations present

15   in this complaint.[1]  Thus, the Court is compelled to dismiss the complaint for this reason alone.

16   Plaintiffs do not even seriously contend otherwise.  However, the Court does so expressly without

17   prejudice.[2]  As such, the Court grants Plaintiffs until December 1, 2011, to file a motion seeking

18   leave to amend with a proposed amended complaint.

19                  As the Court has determined to dismiss the complaint for failure to adequately

20   plead standing, the Court finds it unnecessary to reach Defendants' other arguments as to why the

21   complaint should be dismissed.  However, the Court recognizes that Plaintiffs are likely to seek

22

23           [1] Plaintiffs' statements as to the dates they purchased the stock in their response (#57) are immaterial.
24   It is axiomatic that the Court cannot consider additional facts first presented in Plaintiffs' response, but only facts
     in the complaint.

25           [2] Plaintiffs also requested permission to amend their complaint in their response.  However, they failed
26   to supply a proposed amended complaint as required under Local Rule  15-1, thus the Court denies the current
     request.

AO 72
(Rev. 8/82)

1  leave to amend and simply cautions Plaintiffs that it may be wise to consider and take account of

2  Defendants other arguments in re-pleading their complaint.  Plaintiffs should also consider when

3  they purchased the stock and omit any allegation regarding prior conduct or add additional

4  Plaintiffs who purchased the stock prior to those events.

5                                              **CONCLUSION**

6              Accordingly, and for good cause appearing,

7              IT IS HEREBY ORDERED that RINO and Johnson's Motion to Dismiss (#39) is

8  GRANTED without prejudice.

9              IT IS FURTHER ORDERED that Zhang's Motion to Dismiss (#64) is GRANTED

10  without prejudice.  Plaintiffs shall have until December 1, 2011, to file a motion seeking leave to

11  amend.

12              Dated: November 2, 2011.

13

14  _____

15  **ROGER L. HUNT**
   **United States District Judge**

16

17

18

19

20

21

22

23

24

25

26