Curtis B. Coulter (Nevada Bar No. 3034)
**LAW OFFICES OF CURTIS B. COULTER, P.C.**
403 Hill Street
Reno, Nevada 89501
Telephone: (775) 324.3380
Facsimile: (775) 324.3381
ccoulter@coulterlaw.net

*Counsel for Interested Parties M. Aileen Morningstar and Alice Slettedahl*

*(Additional counsel listed on signature page)*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE RINO INTERNATIONAL CORPORATION DERIVATIVE LITIGATION | Lead Case No. 2:10-cv-02209-MMD-GWF <br><br> (Consolidated with 2:10-cv-2244-KJD-DWF) |
| This Document Relates To: <br> ALL ACTIONS | **SUR-REPLY IN SUPPORT OF INTERESTED PARTIES' RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF DERIVATIVE SETTLEMENT** |

Interested parties M. Aileen Morningstar and Alice Slettedahl (collectively, "Interested Parties") respectfully submit this sur-reply in further support of their response to Plaintiffs' Motion for Preliminary Approval of Derivative Settlement (the "Motion").

## ARGUMENT

Interested parties are shareholders of nominal defendant RINO International Corporation ("RINO") and plaintiffs in a parallel shareholder derivative action pending in the United States District Court for the Central District of California, captioned *Morningstar v. Qiu Jianping*, No. CV-11-00655 DDP (VBK) (the "California Federal Derivative Action"). Plaintiffs in the above-captioned shareholder derivative action (the "Action") have asked the Court to enter an order preliminarily approving a proposed settlement of the Action (the "Settlement") that would, among other things, stay the California Federal Derivative Action.[1] Interested Parties simply request that the Court refrain from staying the California Federal Derivative Action in the event that preliminary approval is granted.

Notably, nowhere in their Reply do Plaintiffs object to Interested Parties' request that the California Federal Derivative Action not be stayed. Rather, Plaintiffs argue that Interested Parties' request should be disregarded "because it is procedurally improper and is merely a mechanism that the [Interested Parties] are using to avoid complying with the more stringent requirements to formally object to the Settlement." Plaintiffs' Response to Interested Parties' Response to Plaintiffs' Motion for Preliminary Approval of Derivative Settlement (Dkt. 126) at 2.

Plaintiffs' argument is frivolous. As stated in their initial response to the Motion, Interested Parties do indeed intend to file a formal objection to the Settlement if and when preliminary

---

[1] The proposed preliminary approval order submitted with Plaintiffs' Motion was missing a page, and thus it was not clear whether the Motion sought to stay the California Federal Derivative Action. *See* Interested Parties' Response to Plaintiffs' Motion for Preliminary Approval of Derivative Settlement (Dkt. 119) ("Interested Parties' Response") at 6 n.9. On December 18, 2012, Plaintiffs filed a corrected version of the proposed preliminary approval order. (Dkt. 121). The corrected proposed order does contain a provision for such a stay. *See id.* at ¶10 ("Pending final determination of whether the Settlement should be approved, no Current RINO Shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Individual Defendants or RINO, or derivatively on behalf of RINO, any action or proceeding in any court or tribunal asserting any of Plaintiffs' Released Claims," which includes Interested Parties' derivative claims on behalf of RINO.).

approval is granted. At this time, however, Interested Parties are only asking this Court not to stay the parallel case they are prosecuting on behalf of the Company in the Central District of California. Interested Parties reasonably and necessarily make this request now, before the Court rules on Plaintiff's Motion for preliminary approval of the Settlement and potentially issues an order granting the requested stay.[2] Plaintiffs have failed to set forth any basis to justify a stay of the California Federal Derivative Action, and their Reply does not oppose Interested Parties' request. Accordingly, should the Court decide to preliminarily approve the Settlement, it should decline to stay the California Federal Derivative Action by striking Paragraph 10 of the proposed preliminary approval order or otherwise carving the California Federal Derivative Action out of the stay provided in Paragraph 10.[3]

Dated:  January 25, 2013                        Respectfully submitted,

**LAW OFFICES OF CURTIS B. COULTER, P.C.**

/S/ Curtis B. Coulter
Curtis B. Coulter (Nevada Bar No. 3034)
403 Hill Street
Reno, Nevada 89501
Telephone: (775) 324.3380
Facsimile: (775) 324.3381

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Kristen L. Ross
280 King of Prussia Road

---

[2] The sole decision on which Plaintiffs rely, an unpublished opinion in *In re Bank of America Corp. Sec., Derivative & Emp. Ret. (ERISA) Litig.*, No. 09-MD-2058 (PKC), (S.D.N.Y. Aug. 3, 2012), is distinguishable from the instant situation. There, a shareholder did not file her objection to the proposed settlement until *after* a preliminary approval order was entered and the final fairness hearing was scheduled. *See id.* at 1 (preliminary approval order entered July 13, 2012; objection filed July 17, 2012). The court specifically stated that it need not decide the issue of whether the shareholder had standing to object to preliminary approval. *Id.* at 2. Here, Plaintiffs' Motion for preliminary approval is currently before the Court, and there is no authority preventing the Court from considering the Interested Parties' Response. Indeed, the court in *In re Bank of America* did "read and consider" the shareholder's objection to preliminary approval. *See id.* at 1.

[3] Plaintiffs' suggestion that Interested Parties should have moved to intervene in this Action is without merit. *See, e.g. Devlin v. Scardelletti*, 536 U.S. 1, 8 (2002) (holding that a class member seeking to oppose a proposed settlement is not required to move to intervene).

1
2
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (267) 948-2512

3
4
5
**ROSMAN & GERMAIN LLP**
Daniel L. Germain
16311 Ventura Boulevard, Suite 1200
Encino, CA 91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885

6
7
*Counsel for Interested Parties M. Aileen Morningstar and Alice Slettedahl*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28