John P. Aldrich, Esq.
Nevada State Bar No.: 6877
**ALDRICH LAW FIRM, LTD**
1601 S. Rainbow Blvd., Suite 160
Las Vegas, Nevada 89146
(702) 853-5490

Kip B. Shuman, Esq.
Rusty E. Glenn, Esq.
**THE SHUMAN LAW FIRM**
885 Arapahoe Avenue
Boulder, CO 80302
(303) 861-3003
(303) 484-4886 (fax)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE RINO INTERNATIONAL CORPORATION DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | ) Lead Case No. 2:10-cv-02209-MMD-GWF<br>) (Consolidated with case no. 2:10-cv-02244-<br>) KJD-DWF)<br>)<br>)<br>)<br>)<br>) |

### [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Parties to the above-captioned consolidated shareholder derivative actions (the "Nevada Federal Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Settlement of the Nevada Federal Action, in accordance with the Stipulation and Agreement of Settlement dated November 28, 2012 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Nevada Federal Action with prejudice, upon the terms and conditions set forth therein; and (ii) approving the form and content of the Notice to Current RINO Shareholders (the "Notice") for publication in *Investor's Business Daily*;

1

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Nevada Federal Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on July 22, 2013, ~~2012~~ at 1:30 p.m. to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to RINO and Current RINO Shareholders and should be finally approved by the Court; (ii) whether a Final Order and Judgment approving the Settlement, as provided for in paragraph 1.2 of the Stipulation and attached thereto as Exhibit C, should be entered; and (iii) whether Plaintiffs' Counsel's agreed-to Fee Award should be finally approved.

3. The Court approves, as to form and content, the Notice attached as Exhibit A to the Stipulation and for convenience annexed as Exhibit A hereto, and finds that the publication of such Notice substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Within ten (10) business days of the Court's entry of the Preliminary Approval Order, RINO shall cause the Notice to be published one time in *Investor's Business Daily*.

5.      All papers in support of the Settlement, the Fee Award, and the Incentive Awards shall be filed with the Court and served at least twenty-eight (28) days prior to the Settlement Hearing and any reply papers shall be filed with the Court at least seven (7) days prior to the Settlement Hearing.

6.      Any Current RINO Shareholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be approved as fair, reasonable, and adequate, or why the Final Order and Judgment should not be entered thereon, or why the Fee Award or Incentive Awards should not be approved; provided, however, unless otherwise ordered by the Court, no Current RINO Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered thereon approving the same, or the Fee Award, unless that shareholder has, ***at least fourteen (14) business days prior to the Settlement Hearing***: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of RINO common stock through the date of the Settlement Hearing, including the number of shares of RINO common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Current RINO Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony. If a Current RINO Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

behalf of RINO, any action or proceeding in any court or tribunal asserting any of Plaintiffs' Released Claims.

11. Neither the Stipulation (including any exhibits attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or liability of the Individual Defendants or RINO, or the validity of Plaintiffs' Released Claims; or (b) is intended to be offered or received as evidence or used by any other Person in any other action or proceedings, whether civil, criminal, or administrative agency, or other tribunal. The Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation and/or the Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current RINO Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current RINO Shareholders.

IT IS SO ORDERED.

DATED: April 30, 2013

_____
HONORABLE MIRANDA M. DU
UNITED STATES DISTRICT JUDGE